WHARFIELD (TAYLOE v.).   See Case No. 13,772.

---

## Case No. 17,479.
### WHARTENBY v. DANIEL et al.
[6 Am. Law Rev. 164.]

Circuit Court, D. Delaware. June Term, 1871.[1]

CONSTRUCTION OF WILLS—DEVISES—RULE IN
SHELLEY'S CASE.

[1. "Issue," prima facie and generally, means "heirs of the body," and refers to lineal descendants. To take a case out of the rule in Shelley's Case, the intent of the testator to change the primary meaning of the word, and employ it in an unusual sense, must manifestly appear in the will itself. There must be enough to overcome the legal presumption to the contrary.]

[2. A devise to a person for life, with remainder to his issue and the heirs of the issue, does not give a mere life estate to the first taker, unless there are also in the devise of the remainder words of distributive modification; and the fact that the laws of a state make a distribution when a fee descends or is given to issue or heirs is not of equal effect with an express direction in the will that there shall be a distribution.]

This was an action of ejectment. The plaintiff claimed under the will of James Tibbitt, made March 25th, 1829. The clause in the will aforesaid whence the controversy in the above suit arose was as follows: "All the rest, residue, and remainder of my estate, both real and personal, of what kind and nature soever, I give, devise, and bequeath to my son, Richard Tibbitt, during his natural life, and after his death to his issue by him lawfully begotten of his body, to such issue, their heirs and assigns forever. In case my son Richard Tibbitt shall die without lawful issue, then in that case to my wife, Elizabeth Tibbitt, my sister, Sarah Heath, and my sister, Rebecca Mull, during the natural life of each of them, and to the survivor or survivors of them, and after the death of all of them to James Whartenby, son of Thomas Whartenby, of the city of Philadelphia, to him the said James Whartenby, his heirs and assigns forever." The facts in the case were admitted. Estates-tail are recognized in Delaware, and by the statute law of the state may be barred by deed as well as by fine and common recovery. Richard Tibbitt, supposing he had an estate-tail, on May 14th, 1853, executed a deed to bar the entail.

On the part of the plaintiff it was contended that Richard Tibbitt took but a life estate in the premises, with a contingent remainder in fee to his "issue," i. e., children, which vested

[1] [Affirmed in 17 Wall. (84 U. S.) 639.]

immediately on the coming into esse of any child, and subject to open up and let in the interest of future born children. Issue meant the children of the first taker. That an estate-tail would place the power in the hands of the first taker of defeating the fee given to his issue. The intention of confining "issue" to a definite class of individuals was strengthened by superadded words of limitation, the words of distribution being supplied by the laws of the state, and by limiting an estate over to lives then in being and to the survivor or survivors of them. That the plaintiff took a substitutionary devise over upon the death of the first taker without leaving children.

For the defendants it was argued that this was an estate-tail, and therefore barred by the deed according to the laws of the state. If not an estate-tail, still the plaintiff could not recover, not claiming as heir of James or Richard Tibbitt, nor if Richard Tibbitt had had issue could he have been heir to such issue. The plaintiff claimed title under an executory devise limited upon a contingency too remote to support it, i. e., the death of Richard Tibbitt without issue, meaning an indefinite failure of issue.

STRONG, Circuit Justice, instructed the jury that in this case it was not necessary to inquire whether what was given to James Whartenby, the plaintiff, was an executory devise limited to him after an indefinite failure of issue of Richard Tibbitt, and therefore too remote, or whether it was a substitutionary estate, or a devise directed to take effect after a definite failure of issue of a person in being when the will was made. "Issue" "prima facie and generally means 'heirs of the body,' and it has reference to all lineal descendants." The rule in Shelley's Case is "an unbending rule." To take it out of the rule, "the intent of the testator to change its primary meaning and employ it in an unusual sense must manifestly appear in the will itself. There must be enough to overcome the legal presumption to the contrary." Superadded words of limitation alone are "insufficient to overcome the other legal presumption arising from the gift to issue that he intended them to take as issue, that is, by descent through their ancestor Richard Tibbitt. It raises no more than a presumption against a presumption, in which case the legal inference arising from the use of a word of limitation must prevail." "In the present case there are no words of distributive modification." "I do not think the fact that the laws of the state make a distribution when a fee descends, or is given to issue, or heirs, is of equal effect with an express direction in the will that there shall be a distribution." "Where there are no words of distribution, there is an absence of this double expression of the testator's intent to employ the words 'heirs of the body' or 'issue' as equivalent to children, or as a mere description of persons." In no one of the cases cited "has a devise to a per-

son for life with remainder to his issue, and the heirs of the issue been held to give a mere life estate to the first taker, unless there were also in the devise of the remainder words of distributive modification." In addition to the limitation to the heirs generally of the issue, and the express gift to Richard Tibbitt during his natural life, the devise to his issue is not to his issue unqualifiedly, or generally. It is not to all his issue. The words are: "After his death to his issue by him lawfully begotten of his body, to such issue, their heirs and assigns forever." "The testator in these words seems to have defined what he meant by issue, not heirs of the body, but issue begotten by the tenant for life, and begotten of his own body, necessarily children." This intention was further strengthened by the substitutionary devise, in case of the death of the first taker without lawful issue, to persons then in being for life only, and by the fact that in such contingency they were to take the whole property for life, and that words of limitation were added to the devise to the issue. That the first taker took an estate for life, and the devise over to James Whartenby was not void for perpetuity. Verdict for plaintiff.

To this charge the defendants then and there excepted before the verdict, and filed their bill of exceptions.

[On appeal to the supreme court the judgment of this court was affirmed. 17 Wall. (84 U. S.) 639.]